**HILL, Plaintiff-Appellant, v. HILL, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4850. Decided February 5, 1953.

Horace S. Kerr, R. W. Kilbourne, Columbus, for plaintiff-appellant.

John J. Chester, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from an order of the Common Pleas Court, Division of Domestic Relations, awarding to plaintiff alimony and support money for the children of the parties.

Plaintiff's petition was for alimony only. The error assigned is that the order of the trial court is manifestly against the weight of the evidence and that the Court abused its discretion in entering the decree.

It is the claim of the appellant that the award is entirely inequitable in that it fails to give proper consideration to the financial worth of defendant.

The decree awards $500.00 per month in full of all obligations of support and maintenance of the plaintiff and the minor children of the parties including the maintenance of the property, taxes and insurance thereon, food and clothing and shelter for herself and said minor children. The property referred to is 2171 Arlington Avenue, Upper Arlington, which is in the name of the plaintiff and in which she and the children reside. The order further provides that the $500.00 monthly payment shall be in full for medical and dental expenses and all other incidental expenses necessary for the maintenance and welfare of said minor children.

There are three children, Marilyn, age 17; Robert, 15; and Charles, Jr., 8.

The order further provides that the defendant pay any

extraordinary expenses necessary on behalf of the minor children of the parties and that he maintain insurance that he now has in effect for the benefit of the family.

The controlling section of the Code now, §8003-19 GC differs from the section which it supercedes, §11998 GC. The section now provides that alimony may be allowed in real or personal property or by decreeing a sum of money payable either in gross or installments as the Court deems equitable.

The ultimate question presented here is whether or not upon the record the order of the trial judge is so manifestly against the weight of the evidence and so inequitable as to require a reversal and remand.

The holdings of the defendant are 990 of 1000 shares of the Hill Distributing Company. The dividend on these shares in the last year that it appears was $990.00. The net earnings from these shares to the company does not appear but the total earnings of the defendant for income tax purposes in 1950 was $43,000.00; in 1951, $24,000.00; and estimated for 1952, $22,000.00.

The defendant owes $100,000.00 and his shares in the corporation are held as collateral for this loan. We cannot determine from the record before us what the fair market value of these shares of the corporation is and, therefore, cannot fix the equity of the defendant therein. Defendant also owns a business block in the City of Mansfield, Ohio, for which he paid $70,000.00, $20,000.00 of which was in cash and the balance secured by mortgage. The value of this property can be determined only from the testimony of the defendant from which it appears that his equity in this real estate is not to exceed $15,000.00 and he is having much difficulty in realizing a return in this or a lesser sum on a sale. The income from this property is inadequate to take care of the carrying charges against it, and it does not appear that an award to the plaintiff against this real estate would be of any substantial value to her under the present status of the holdings.

It also appears that the corporation in 1951 purchased a race horse for which it paid $3200.00; that the horse has earned any return or has any earning power does not appear.

In addition to the $100,000.00 indebtedness against the stock and $50,000.00 indebtedness on the Mansfield realty, defendant also owes a personal debt in the amount of $40,000.00.

Upon the whole, we cannot find that the Court abused its discretion in failing to award some part of the stock and some interest in the Mansfield real estate to the plaintiff. Indeed, such award would be of doubtful value as support for her and the children. It may only be considered as it tends to assure

the ability of the defendant to meet the monthly payment and other expenses incident to the alimony decree.

Upon the first consideration of the income of the defendant, $24,000.00 together with a drawing account with his corporation of $7000.00, it would seem that $500.00 a month would be disproportionate to the rights of the wife and the children. However, it does not appear that any part of this $7000.00 is available for the essentially personal expenses of the defendant although manifestly in such expenditure some of his personal expenses, such as meals, lodging and travel, might be included.

Breaking down the allocation of the assured income of the defendant in connection with his immediate obligations under the Court decree, it appears as follows:

| | | |
|---|---|---|
| Total income, salary, | | $24,000.00 |
| Dividend on stock, | | 990.00 |
| | | $24,990.00 |
| Award of alimony per year | $6000.00 | |
| Insurance required to be paid, decree | 2160.00 | |
| Taxes, Social Security, etc. | 8400.00 | |
| Interest on $40,000 personal debt, | 2000.00 | 18,560.00 |
| Balance per year, | | 6,430.00 |
| Balance per month, | | $ 535.89 |

When the total obligation which is mandatory on defendant to observe is taken from his total income there is not such disparity between the amount decreed plaintiff and the children and the amount that defendant will have available for expenditure as to indicate that the order is inequitable, except as hereinafter indicated. It is conceivable that there are values in the holdings of the defendant, particularly the Hill Distributing Company stock, which are not clearly developed but we cannot indulge in speculation as to this but must take the proof as it is found in the record.

The plaintiff owns the real property in which she and her children live and apparently it is an adequate and satisfactory home for them. It was acquired by the parties during their coverture and is a substantial holding by the plaintiff and must be considered in weighing the equities between the parties. Plaintiff insists that the property is badly in need of paint and repairs which will cost about $2000.00. If this sum is expended it will enhance the value of the property to that extent and benefit the plaintiff. If the means of the defendant would permit it would be highly appropriate to require him to pay for

these expenditures inasmuch as it is to provide a home for his wife and his children at least during their minority, but we cannot say that the trial judge erred in refusing to make this concession to the wife.

It should be borne in mind that the order here is not a division of property holdings of the defendant and an award of them to the plaintiff as might have been made had a decree of divorce been granted to her. Indeed such a division would not have been proper. **Durham v. Durham, 104 Oh St 11; Materazzo v. Materazzo, 139 Oh St 36; Stuart v. Stuart, 144 Oh St 291; Mark v. Mark, et al., 9 Syl., 145 Oh St 302; Daily v. Dailey, 48 Oh Ap 83.** This action is for separate maintenance and support and the property and money of the defendant may only be sequestered by the Court to the extent that it is so required. The station of life of the parties and their accustomed manner of living are pertinent but the financial ability of the defendant to provide the means of maintaining the wife and the children in the way to which they are accustomed or which would be most desirable, must, in the last analysis, control the award to be made by the Court.

The order makes provision for payment by the defendant for extraordinary necessary medical expenses on behalf of the minor children but does not so provide for the wife. It is the obligation of the defendant to provide all needed medical or surgical attention for his wife. It appears that the plaintiff is now in need of two surgical operations. Manifestly, she should not be required to assume the payment for these extraordinary services out of the $500.00 monthly allowance and there should be some specific provision in the entry obligating the defendant to meet this extraordinary expense, if incurred.

Subject only to the failure to provide for the payment of extraordinary medical and surgical expenses that might be necessary for the plaintiff, we cannot hold that the order is so manifestly against the weight of the evidence as to require its reversal, nor can we make the order, as a matter of law. **Henry v. Henry, 157 Oh St 319.**

If the defendant will consent to a modification of the order as above indicated the order will be affirmed as modified. Otherwise, the order will be reversed as against the manifest weight of the evidence and the cause remanded.

Appellant has moved for an order in this Court for expenses of her appeal. It will be granted in the sum of $400.00.

Judgment accordingly.

WISEMAN and MILLER, JJ, concur.