348

## CULLERS, Plaintiff-Appellee, v. CULLERS, Defendant-Appellant.

Ohio Appeals, Second District, Miami County.

No. 478.   Decided October 28, 1953.

Leo H. Faust, Troy, for plaintiff-appellee.
Spidel, Staley & Hole, Greenville, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court of Miami County granting to the plaintiff a divorce, custody of children, and alimony.

Defendant-appellant has assigned ten separate alleged errors, which he has resolved for purpose of discussion under three propositions: The Court erred in refusing to dismiss plaintiff's petition for lack of sufficient evidence; that the judgment is contrary to law and the facts; and that the court was guilty of an abuse of discretion.

The evidence was in conflict. It has the duty of the trial court to weigh the evidence and judge as to the credibility of the witnesses. On the weight of the evidence the trial court resolved the issues in favor of plaintiff. There is ample evidence to support the judgment. We find sufficient corroboration of plaintiff's testimony. We do not find the judgment to be contrary to law, or against the manifest weight of the evidence.

The court awarded to the plaintiff as alimony the household goods of the value of $1,000.00, and $750.00 cash. The defendant was awarded his personal tools and effects, and a 1950 Chevrolet automobile of the value of $1,000.00. Defendant-appellant claims that an award of $750.00 cash money to plaintiff as alimony was contrary to law and an abuse of discretion, for the reason that the record does not show that the defendant possessed funds out of which the award can be paid. The evidence shows that plaintiff was gainfully employed, and his annual earnings

amounted to approximately $4,800.00. Under the facts in this case the award of $750.00 in money to the wife as alimony is just and equitable and there was no gross abuse of discretion. §8003-17 GC in part provides:

"The court may allow such alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree. Such alimony may be allowed in real or personal property, or both, **or by decreeing either such sum of money payable in gross** or by installments, as the court deems equitable." (Emphasis ours.)

Under the provisions of this section the court was authorized to award in gross as alimony $750.00 in money to the plaintiff. Such award was not contrary to law. See **Hill v. Hill, 65 Abs 572.**

We find that the trial court by entry overruled the motion for new trial. The contempt charge filed against the defendant to test the question whether defendant has disposed of any household goods awarded the plaintiff, which contempt charge is still pending, does not affect this appeal.

We find no error assigned well made.

Judgment affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.